NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD KARMIN,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 25-2944 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Amazon, Inc.'s ("Amazon" or "Defendant") Motion to Dismiss (ECF No. 8) Plaintiff Edward Karmin's ("Plaintiff") Complaint (ECF No. 1-2). Plaintiff opposed (ECF No. 17), and Defendant replied (ECF No. 18). After careful consideration of the parties' submissions, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's Motion to Dismiss is granted in its entirety.

**I.    BACKGROUND**

    **A.    Factual Background**[1]

Plaintiff is a former Amazon employee who worked at various Amazon locations in New Jersey from approximately September 5, 2017, to October 13, 2024. (Compl. ¶¶ 6-12, ECF No. 1-2.) Plaintiff alleges that he was subjected to a "hostile work environment by his managers" because of his "need to use the bathroom." (*Id.* ¶¶ 19-20.) According to Plaintiff, he was mocked

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

and "publicly humiliat[ed]" by Amazon staff for needing to use the bathroom, and further chastised for "not meeting [his] numbers" due to his need to "go[] to the bathroom." (*Id.* ¶¶ 20, 23.) Plaintiff further alleges that he was subjected to religious discrimination when he requested time off for "multiple Jewish holidays" and was told by Amazon's human resources department ("HR") that "it's [sic] not a real holiday like Christmas is." (*Id.* ¶¶ 26-27.) Moreover, Plaintiff alleges that he was "given poor performance grades" while on paternity leave and was subsequently terminated without "just cause." (*Id.* ¶¶ 15, 31.)

B.  **Procedural Background**

Plaintiff commenced this action in the Superior Court of New Jersey on February 19, 2025, and Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. (Notice of Removal ¶¶ 2, 10, ECF No. 1.)[2] In the Complaint, Plaintiff asserts claims for hostile work environment, workplace harassment, religious discrimination, wrongful termination, and tortious interference against Defendant and unnamed John and Jane Does. (*See generally* Compl.) Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Def.'s Moving Br. 1-2, ECF No. 8-2.)

---

[2] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendant pleads that Plaintiff is a citizen of New Jersey, and that Defendant is a citizen of Delaware and Washington. (Notice of Removal ¶¶ 11, 14.) As Defendant's Notice of Removal pleads an amount in controversy more than $75,000, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Berndt v. Heyco Prods. Corp.*, No. 22-01300, 2023 WL 4135005, at *5-6 (D.N.J. June 22, 2023) (explaining that where the complaint does not specify an amount in damages, and the removing defendant plausibly alleges that the amount in controversy exceeds $75,000, the Court should maintain jurisdiction unless it finds to "a legal certainty that [p]laintiff could never recover more than $75,000 if []he prevails").

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2)[3] "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

B. **Title VII Exhaustion Requirement**

Title VII of the Civil Rights Act of 1964 ("Title VII") protects workers against various forms of employment discrimination, including discrimination on the basis of religion. *See* 42 U.S.C. § 2000e. Before a claimant may file a Title VII civil action in federal court, however, he or she must exhaust all administrative remedies with the Equal Employment Commission (the "EEOC"). 42 U.S.C. § 2000e-5(f)(l).

The EEOC investigates and either resolves the charge or issues a notice of the right to sue, often referred to as a "right-to-sue letter." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 n.2 (3d Cir. 2011). A Title VII civil action ripens only after a plaintiff has gone through these procedural steps at the administrative level. *Seredinski v. Clifton Precision Prods. Co., Div. of Litton Sys., Inc.*, 776 F.2d 56, 61 (3d Cir. 1985). Where a plaintiff in a federal action has failed to exhaust administrative remedies, the claim may be defeated on a motion to dismiss or judgment on the pleadings. *See Devine*, 406 F. App'x at 656 ("Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000))).

As the Third Circuit explained in *Anjelino*, "[t]he preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.'" 200 F.3d at 93 (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)). "Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of

4

the claims likely to be filed against it [in a civil action]." *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010).

### III. DISCUSSION

As a threshold matter, the Court notes that Plaintiff does not identify the specific law or statute under which his claims are brought. (*See* Compl. ¶¶ 14, 16 (generally asserting claims for "religious discrimination," "hostile work environment, workplace harassment, wrongful termination, and tortious interference").) Viewing the Complaint liberally,[4] the Court construes the Complaint as bringing claims for hostile work environment, harassment, religious discrimination, and wrongful termination under Title VII and the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. 10:5 *et. seq.*, as well as a claim for tortious interference under state law. *See Gaston v. N.J., Dep't of L. & Pub. Safety, Div. of State Police*, No. 05-03006, 2008 WL 540853, at *9 (D.N.J. Feb. 25, 2008), *aff'd sub nom. Gaston v. New Jersey*, 298 F. App'x 165 (3d Cir. 2008) (construing pro se plaintiff's discrimination claims as brought under Title VII and NJLAD where the plaintiff failed to plead a statutory cause of action against defendant). The Court examines the sufficiency of each of these claims in turn.

#### A. Plaintiff's Claims Under Title VII

Defendant seeks dismissal of Plaintiff's claims under Title VII because Plaintiff fails to allege that he filed discrimination charges with the EEOC prior to bringing suit. (Def.'s Moving Br. 3-4.) The Court agrees that this error is fatal to Plaintiff's Title VII claims. "It is well settled that as a pre-condition to filing suit under Title VII, a plaintiff must first file charges with the EEOC

---

[4] A pro se plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a pro se plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

within 180 days of the alleged discriminatory act." *Wright v. Phila. Gas Works*, No. 01-2655, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing claims of hostile work environment and retaliation that had not been brought before the EEOC); *see also* 42 U.S.C. § 2000e-5(e); *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986) ("'[T]he causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [] for conciliation or resolution.'"). The Complaint contains no allegation that Plaintiff satisfied this pre-condition, nor does Plaintiff allege that exhaustion would have been futile. (*See generally* Compl.; *see also* Pl.'s Opp'n Br., ECF No. 17.) Accordingly, Defendant's Motion to Dismiss Plaintiff's Title VII claims is granted.

    **B.    Plaintiff's Claims Under the NJLAD**

        *1.    Hostile Work Environment & Harassment[5]*

Defendant next argues that Plaintiff fails to state a claim for hostile work environment or harassment under the NJLAD for two reasons: (1) Plaintiff does not allege that the objectionable conduct was due to his protected status; and (2) even if he did allege so, the misconduct does not constitute "severe or pervasive" conduct required to sustain such a claim. (Def.'s Moving Br. 5-7.) In opposition, Plaintiff generally argues that his allegations are sufficient to meet Rule 8's pleading standard, and that Defendant's arguments are an improper attempt to "suppress [Plaintiff's] ability to access information via discovery." (Pl.'s Opp'n Br. 1-3.)

---

[5] Although Plaintiff alleges separate claims for hostile work environment and workplace harassment, "these claims are one and the same and will be treated as such herein." *Kunsak v. Wetzel*, No. 15-1648, 2016 WL 6601574, at *3 n.3 (W.D. Pa. Nov. 7, 2016); *see also Rachuna v. Best Fitness Corp.*, No. 13-365, 2014 WL 1784446, at *5 (W.D. Pa. May 5, 2014) (dismissing claim for sexual harassment as duplicative of hostile work environment claim).

To state a claim for a hostile work environment or harassment under the NJLAD, a plaintiff must allege that the complained-of conduct: (1) would not have occurred but for the employee's protected status; and it was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment are altered, and the working environment is hostile or abusive.[6] *Stevenson v. City of Newark*, No. 20-18722, 2025 WL 1793756, at *14 (D.N.J. June 30, 2025) (citing *Cutler v. Dorn*, 196 N.J. 419, 430 (2008)).

The Court finds that Plaintiff fails to satisfy the first prong because he does not allege that Defendant's misconduct was motivated by any NJLAD-protected characteristic.[7] Plaintiff's hostile work environment and harassment claims are predicated on the generalized allegation that Defendant and unidentified agents "acting on [Defendant's] behalf" criticized Plaintiff's "bathroom visits." (Compl. ¶¶ 19-21.) The Complaint, however, fails to allege that this criticism was based on Plaintiff's race, gender, or any other protected characteristic, or to specify what that characteristic was. (*See, e.g., id.* ¶ 20 (alleging that Defendant and its unidentified agents "threatened [Plaintiff] about not meeting [his] numbers due to 'going to the bathroom'" but failing to allege that the harassment was connected to any protected characteristic)); *see Lee v. ElectrifAi*,

---

[6] The New Jersey Supreme Court has noted that "the second, third, and fourth prongs" of a hostile work environment claim, "while separable to some extent, are interdependent." *Lehmann v. Toys R Us, Inc.*, 626 A.2d 445, 453 (N.J. 1993); *see also Ryan v. Township of Mount Olive*, No. L-1914-07, 2010 WL 3933201, at *5 (N.J. Super. Ct. App. Div. Sep. 24, 2010) (stating same). "One cannot inquire whether the alleged conduct was 'severe or pervasive' without knowing how severe or pervasive it must be." *Lehmann*, 626 A.2d at 453. "The answer to that question lies in the other prongs: the conduct must be severe or pervasive enough to make a reasonable [person] believe that the conditions of employment are altered and [his] working environment is hostile." *Id.* at 453-54.

[7] Protected classes under the NJLAD include "race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, pregnancy or breastfeeding, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual[.]" *Dodson v. Allied Universal Sec. Co.*, No. 24-240, 2024 WL 3665812, at *10 (D.N.J. Aug. 6, 2024) (citation omitted).

*LLC*, No. 23-2239, 2024 WL 4182541, at *11-12 (D.N.J. Sep. 13, 2024) (dismissing hostile work environment claim where plaintiff failed to "specify what 'protected characteristic' she [was] relying upon").

Even if the Court were to find that Plaintiff sufficiently alleges that the challenged conduct occurred because of his protected status, which he does not, the conduct described is not sufficiently "severe or pervasive" to sustain a hostile work environment claim. As both the Supreme Court and the Third Circuit have made clear, "'offhand comments, and isolated incidents (unless extremely serious)' are not" enough to establish a hostile work environment under either Title VII or the NJLAD. *Nuness v. Simon & Schuster, Inc.*, 221 F. Supp. 3d 596, 601 (D.N.J. 2016) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *see also Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (stating that severe or pervasive harassment can be distinguished from the "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee").

Applying that standard here, the alleged conduct does not rise to the requisite level of severity or pervasiveness. Plaintiff claims that Defendant's remarks regarding his "need to use the bathroom" caused him public humiliation and interfered with his ability to perform his job. (Compl. ¶¶ 19-21.) Even accepting these allegations as true, they describe, at most, isolated and non-severe incidents insufficient to alter the terms and conditions of Plaintiff's employment. *See Cortes v. Univ. of Med. & Dentistry*, 391 F. Supp. 2d 298, 308 (D.N.J. 2005) ("A hostile work environment exists when a workplace is permeated with discriminatory intimidation, ridicule and insult so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."); *Kidd v. MBNA Am. Bank, N.A.*, 224 F. Supp. 2d 807, 814 (D. Del. 2002) ("More than a few isolated verbal incidents are necessary to establish that a defendant

is engaging in regular, pervasive discrimination that would detrimentally affect a reasonable person of the same race or sex in that position."), *aff'd*, 93 F. App'x 399 (3d Cir. 2004). Accordingly, Plaintiff's hostile work environment and harassment claims are dismissed without prejudice.

    2.    ***Religious Discrimination***

Defendant next argues that Plaintiff's religious discrimination claim fails because it is based solely on an "isolated remark," which is insufficient to state such a claim. (Def.'s Moving Br. 7-8.) Defendant further contends that, even if the Court found otherwise, Plaintiff does not allege that he was denied any accommodation on account of his religion. (*Id.*) The Court agrees that Plaintiff fails to state a claim for religious discrimination under the NJLAD.

To state a claim for religious discrimination under the NJLAD, a plaintiff must allege that he: (1) held a sincere religious belief that conflicted with a job requirement; (2) informed his employer of the conflict; and (3) was disciplined for failing to comply with the conflicting requirement. *McKinley v. Princeton Univ.*, No. 22-5069, 2023 WL 3168026, at *2 (D.N.J. Apr. 28, 2023) (citing *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 490 (3d Cir. 2017)).[8] If a prima facie case is established, the burden shifts to the employer to show either: (1) that it "made a good-faith effort to reasonably accommodate the religious belief"; or (2) "such an accommodation would work an undue hardship upon the employer and its business." *E.E.O.C. v. GEO Grp., Inc.*, 616 F.3d 265, 271 (3d Cir. 2010) (quoting *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009).

---

[8] Courts apply the same analytical framework and standard of review to religious discrimination claims under the NJLAD as they do to claims brought under Title VII. *See Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016) ("This Court's discrimination inquiry is the same for claims filed under Title VII and the NJLAD[.]"); *Worthy v. Unilever U.S., Inc.*, No. 23-17570, 2024 WL 3326039, at *5 (D.N.J. July 8, 2024) (applying the same legal standard to religious discrimination claims under Title VII and the NJLAD).

Here, Plaintiff fails to plead the requisite elements for a religious discrimination claim. He does not allege that he failed to comply with a job requirement due to his religious beliefs, nor that he was disciplined for doing so. Instead, Plaintiff's claim rests solely on the allegation that he was told "multiple times" by HR that the Jewish holidays for which he requested leave were not "real holiday[s] like Christmas is[.]" (Compl. ¶¶ 26-27.) Such allegations, even if true, amount to no more than "unsubstantiated oral reprimands" or "unnecessary derogatory comments," which are insufficient to allege an adverse employment action. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d Cir. 1997), *overruled on other grounds, Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Rice v. KBR*, No. 21-1528, 2023 WL 2616096, at *3 (M.D. Pa. Mar. 23, 2023) (holding that verbal reprimands do not rise to the level of an adverse employment action). The "mere utterance of discriminatory or objectionable language," without more, does not establish a cognizable claim under the NJLAD. *Antoine v. Rucker*, No. 03-3738, 2007 WL 789068, at *3 (D.N.J. Mar. 12, 2007). The Court, accordingly, must dismiss Plaintiff's religious discrimination claim as insufficiently pled.

### 3. *Wrongful Termination*

Defendant next seeks dismissal of Plaintiff's wrongful termination claim, arguing that Plaintiff's allegations are conclusory and fail to state a claim upon which relief can be granted. (Def.'s Moving Br. 8.) The Court agrees.

To state a claim for wrongful termination under the NJLAD, a plaintiff must allege that: (1) he was a member of a protected class; (2) he was qualified for the position at issue; (3) he suffered an adverse employment action; and (4) the decision occurred under circumstances giving rise to an inference of discrimination. *Buvel v. Bristol Myers Squibb Co.*, No. 22-6449, 2024 WL

3824025, at *6 (D.N.J. Aug. 15, 2024) (citing *In re Trib. Media Co.*, 902 F.3d 384, 402 (3d Cir. 2018)).

Here, Plaintiff fails to adequately plead several of these elements. Plaintiff fails to allege that he was a member of a protected class, qualified for his position, or terminated under circumstances giving rise to an inference of discrimination. Although Plaintiff alleges that he received "poor performance grades" when he was on a leave of absence for the birth of his daughter and was subsequently terminated, he does not allege that his termination was motivated by any protected characteristic, or include facts from which the Court could reasonably infer such motivation. (*See* Compl. ¶¶ 29-32.) When it is "'not apparent whether Plaintiff[] allege[s] that [he was] terminated on the basis of race, gender, age, or a different protected class,' dismissal of an NJLAD claim with leave to file a factually supported pleading is appropriate." *Spence-Parker v. Del. River & Bay Auth.*, 656 F. Supp. 2d 488, 505 (D.N.J. 2009) (quoting *Cheeseman v. Baxter Healthcare Corp.*, No. 08-4814, 2009 WL 1351676, at *4 (D.N.J. May 13, 2009). The Court, therefore, dismisses Plaintiff's wrongful termination claim without prejudice. *See Foy v. Wakefern Food Corp.*, No. 09-1683, 2010 WL 147925, at *4 (D.N.J. Jan. 7, 2010) ("A mere allegation that an adverse employment action was motivated by [a protected characteristic], without more, is exactly the type of broad conclusory allegation which the Supreme Court has found insufficient.").

C. **Plaintiff's Claim for Tortious Interference**[9]

Finally, with respect to Plaintiff's claim for tortious interference, Defendant argues that the Court should dismiss this claim because Plaintiff neither articulates a factual basis for it, nor provides allegations from which such a basis can reasonably be inferred. (Def.'s Moving Br. 9.) The Court agrees with Defendant.

To state a claim for tortious interference with a contract, "a plaintiff must plead facts plausibly suggesting actual interference with a contract by a defendant who is not a party to the contract."[10] *Mariniello v. LPL Fin. LLC*, No. 14-956, 2014 WL 3844845, at *7 (D.N.J. Aug. 5, 2014). If the interference is done by an "employee or agent [that] is acting on behalf of his or her employer or principal" who would be a party to the contract, the tortious interference claim is invalid. *Veteran Relocation Project, LLC v. Borough of Bradley Beach*, No. 22-1817, 2022 WL 16822116, at *4 (D.N.J. Nov. 8, 2022) (citing *Mariniello*, 2014 WL 3844845, at *8).

Here, Plaintiff fails to allege the existence of any contract, or any facts suggesting interference with one. (*See generally* Compl.) Even assuming that the tortious interference claim is premised on an employment contract between Plaintiff and Defendant, such a claim would still fail because Defendant, as a party to that contract, cannot be held liable for interfering with it. *See*

---

[9] Count Four of Plaintiff's Complaint includes claims for both "wrongful termination" and "tortious interference." (Compl. ¶¶ 29-32.) The Court addresses these claims separately because they are distinct causes of action governed by different legal standards. The Court further construes Plaintiff's tortious interference claim as one for tortious interference with contract. *See Printing Mart-Morristown v. Sharp Elecs. Corp.*, 536 A.2d 31, 36 (N.J. 1989) (recognizing claims for both tortious interference with a contract and with a prospective contractual relationship). Should Plaintiff file an amended complaint and seek to replead his claim for tortious interference, he must plead this claim as an independent count and specify which form of tortious interference he intends to pursue.

[10] The parties do not dispute that this Court should apply New Jersey law as the law of the forum state. Accordingly, this Court will apply New Jersey law to Plaintiff's tortious interference claim. *See, e.g., Am. Cyanamid Co. v. Fermenta Animal Health Co.*, 54 F.3d 177, 180 (3d Cir. 1995).

*Kornaga v. Progress Lighting, Inc.*, No. 93-402, 1993 WL 124637, at *2 (E.D. Pa. Apr. 15, 1993) ("Plaintiff's claim for intentional interference with contract must be dismissed because the defendant cannot be held liable for interfering with a contract to which it is a party.") The Court, accordingly, dismisses Plaintiff's tortious interference claim without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: November 5, 2025

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE